**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAIR JUNJUNGAN SIAHAAN, | No. 11-72068 |
| Petitioner, | Agency No. A095-635-789 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 26, 2013[**]

Before:      HUG, FARRIS, and LEAVY, Circuit Judges.

Shair Junjungan Siahaan, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reconsider its prior order. We review for abuse of discretion. *Cano-Merida v. INS*,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

311 F.3d 960, 964 (9th Cir. 2002). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

The BIA did not abuse its discretion by denying Siahaan's motion to reconsider as untimely because it was filed more than 30 days after the BIA's final removal order, *see* 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(2), and because Siahaan does not contend that he is entitled to equitable tolling, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (holding that deadline for motion to reconsider may be equitably tolled under certain circumstances). To the extent that Siahaan contends that the BIA abused its discretion by failing to exercise its authority to sua sponte reconsider his case, we lack jurisdiction to consider that issue. *See Minasyan v. Mukasey*, 553 F.3d 1224, 1229 (9th Cir. 2009) (recognizing that this court does not have jurisdiction to review an alien's claim that the BIA should have exercised its sua sponte power to reconsider or reopen a prior order); *Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

We do not have jurisdiction to consider the remaining issues raised by Siahaan on appeal because he did not exhaust those issues in his motion to reconsider before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED**.